FILED
 2006 Nov-28 PM 03:38
U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **BUSINESS ALLIANCE FOR** ) | |
| **RESPONSIBLE DEVELOPMENT** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CV-06-BE-0771-S** |
| ) | |
| **STORM WATER MANAGEMENT** ) | |
| **AUTHORITY, INC.  et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM OPINION**

Before the court is Plaintiff's Motion for Remand and for Costs (Doc. 5).  The court has carefully reviewed the parties' briefs regarding Plaintiff's motion.  Based on a review of the record and the relevant legal and statutory authorities, the court concludes that Plaintiff's complaint does not implicate federal law as necessary for the exercise of jurisdiction by this court.  Consequently, the court hereby GRANTS Plaintiff's motion for remand.  Because an arguable basis for removal existed in this case, the court DENIES Plaintiff's motion for costs.

**I. INTRODUCTION**

This lawsuit arises from the 2005 decision of the Storm Water Management Authority ("SWMA" or "Authority") requiring its member cities to charge an increased fee for storm water control.  SWMA is a public corporation incorporated in 1997 by Jefferson County and twenty-three municipalities within the county, pursuant to the Alabama Storm Water Act, Ala. Code § 11-89C-1 *et seq.* (1975).  The creation of SWMA allowed its member cities to effectively comply with federal and state regulations regarding storm water, specifically the requirements of the

1

National Pollutant Discharge Elimination System ("NPDES") permit issued by the Alabama Department of Environmental Management ("ADEM") under the authority of the Environmental Protection Agency ("EPA").  The NPDES allows the EPA to delegate its authority directly to the states for the enforcement of federal requirements. 33 U.S.C.A § 1342 (West 2006).   The EPA granted primacy to ADEM for the implementation of the NPDES requirements under the Clean Water Act, 33 U.S.C.A. § 1251 *et seq.* (West 2006), in 1979.  *See* Approval of Alabama's NPDES Permit, 44 Fed. Reg. 61452 (1979).  Plaintiff's organization include business groups whose members are subject to fees established by the members of SWMA, and an individual who is also subject to those fees.

The complaint contains two counts.  In Count One, Plaintiff claims that SWMA failed to comply with the notice, hearing, and inspection requirements contained in § 11-89C-4(b) of the Alabama Code.  Both parties agree that the first count implicates no question of federal law, and does not provide grounds for the exercise of jurisdiction by the district court.  However, Count Two alleges that SMWA has exceeded and continues to exceed the scope of its authority.  Plaintiff bases this claim on a joint resolution of the Alabama Legislature instructing the Authority (1) not to impose rules including any requirements beyond those demanded by relevant federal laws; and (2) not to subject any sites for which ADEM had responsibility to any form of double regulation.  *See* 1997 Ala. Acts 931.  The parties contest whether this second count implicates federal law to the extent necessary for the federal district court to exercise jurisdiction.

## II.  FEDERAL REMOVAL JURISDICTION

Federal courts are courts of limited jurisdiction and are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 1994) (citing *Univ. of S. Ala. v. Amer. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999)).  The court must, therefore, make an early independent jurisdictional assessment and, if necessary, dismiss or remand – even *sua sponte* – any claims that fall outside of the court's subject matter jurisdiction.

Generally, the federal district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331 (West 2006).[1]  A genuine controversy must exist regarding the federal law in question, and must be presented on the face of the complaint, to invoke federal question jurisdiction.  *See Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936); *see also Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 9-10 (1983).  The vast majority of cases falling within such federal-question jurisdiction arise under federal law that creates a cause of action.  *See Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998).  However, in limited circumstances, federal question jurisdiction may exist where a substantial, disputed question of federal law is a necessary element of a state cause of action. *Id*. at 1282 (citing *City of Huntsville v. City of Madison*, 24 F.3d 169, 171-72 (11th Cir. 1994)); *see also Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808-09 (1986).

Statutes allowing for removal from state court are construed narrowly, and uncertainties about the district court's jurisdiction are resolved in favor of remand.  *See Burns v. Windsor Ins.*

---

[1]  No one contends that any basis exists for diversity jurisdiction under 28 U.S.C. § 1332.

*Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). The proponent of removal bears the burden of showing proper federal jurisdiction. *See Leonard v. Enterprise Rent-A-Car*, 279 F.3d 967, 972 (11th Cir. 2002); *Pacheco*, 139 F.3d at 1373. Determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system. *Jairath*, 154 F.3d at 1283 (citing *Merrell Dow*, 478 U.S. at 810).

A complaint alleging the violation of a federal statute as an element of a state cause of action does not necessarily state a claim arising under the laws of the United States when Congress has created no private, federal cause of action for the violation of federal law. *See Merrell Dow*, 478 U.S. at 817; *cf. Jairath*, 154 F.3d at 1282 (noting that <u>if</u> a substantial question of federal law forms a necessary element of a state cause of action, federal jurisdiction *may* be implicated). Likewise, a mere reference to a federal statute under a state law claim does not create federal question jurisdiction. *See Hill v. Marston*, 13 F.3d 1548, 1550-52 (11th Cir. 1994).

In *Hill*, the plaintiffs filed a suit in state court alleging violations of state securities statutes. However, the complaint did not allege the violation of any federal statute; it merely alleged that the defendant had violated standards established by federal law. The defendants removed to federal district court. The Court of Appeals reversed the district court's refusal to remand because the mere reference in the complaint to federal securities statutes did not make the claim one arising under the laws of the United States. The court emphasized that the plaintiffs' right depended almost entirely on state laws regarding negligence, breach of contract, and the sale of securities, rather than on any federal law. *Hill*, 13 F.3d at 1549-50.

Similarly, in *Jairath v. Dyer*, 154 F.3d 1280 (11th Cir. 1998), the court reversed the

district court's refusal to grant the plaintiff's motion to remand.  There, the plaintiff sued a physician in Georgia for refusing to perform an elective procedure when he discovered that the plaintiff was HIV positive.  Georgia law created a cause of action for the recovery of damages in cases where a defendant breached any legal duty, regardless of whether the law creating that duty provided for a cause of action.  The plaintiff alleged that the physician had breached a legal duty created by the federal Americans with Disabilities Act ("ADA").  In reversing the district court, the Court of Appeals noted that, whereas the plaintiff's case arose under a state law cause of action, the vast majority of federal question cases arise under federal law creating a cause of action.  The court also noted that Congress had created no private cause of action for damages under the ADA.  *Jaraith*, 154 F.3d at 1281-82.  Further, the court relied on the Supreme Court's reasoning in *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804 (1986), that a state law claim containing an element related to a federal issue does not "automatically confer federal-question jurisdiction." *Jaraith*, 154 F.3d at 1282 (citing *Merrill Dow* 478 U.S. at 813).

*Merrell Dow* involved a state cause of action for the breach of a federal duty not to misbrand pharmaceutical products.  Though federal law created a legal duty not to misbrand, it did not create a private cause of action against manufacturers who did so.  The Supreme Court held that removal of the state court action to federal court was improper because Congress had not determined that a private, federal cause of action exists for violation of the federal law. *Merrell Dow*, 478 U.S. at 817.  Like the Supreme Court in *Merrell Dow*, the Court of Appeals in *Jairath* concluded that where a federal law created no private cause of action, federal question jurisdiction did not arise from a state law creating a cause of action for the breach of a duty under that federal law.  *Jaraith*,154 F.3d at 1284.

5

Conversely, in *Ayres v. General Motors Corp.*, 234 F.3d 514, 518-19 (11th Cir. 2000), the court found that federal question jurisdiction existed because the plaintiffs' state cause of action under Georgia's RICO statute depended on the actual showing of a violation of the federal RICO statute as a necessary predicate act to a violation of the state statute. However, the court also noted that not every case arising under Georgia's RICO statute with the violation of a federal law as a predicate act would create federal question jurisdiction. The court explained that the particular controversy might make the case an exceptional one involving "a federal question substantial enough to confer federal question jurisdiction." *Ayres*, 234 F.3d at 519 (citing *City of Huntsville v. City of Madison*, 24 F.3d 169 (11th Cir. 1994)).

Neither the Supreme Court nor the Eleventh Circuit Court of Appeals has created a bright-line rule regarding the exercise of federal jurisdiction over state cases involving the interpretation of federal law. However, the courts seem to require that a plaintiff's claim be dependent upon a federally-created cause of action rather than merely mention a federal law as a standard. *See Hill v. Marston*, 13 F.3d 1548, 1550-52 (11th Cir. 1994)

While Plaintiff's claims in this case do implicate the *interpretation* of federal law, they do not allege that SWMA has violated a federal statute as part of their cause of action. Instead, Plaintiff's claims are based on state law requirements that SWMA's actions not exceed federal law requirements. Further, Plaintiff's claims do not even rise to the level of those in *Jairath* and *Merrell Dow*, because they do not allege the breach of a federal duty. The plaintiffs in *Jairath* and *Merrell Dow* relied on the existence of a duty under federal law as an element of their state law claims, and federal jurisdiction did *not* exist in those cases. Here, Plaintiff asserts only that Defendants have breached a *state* duty not to exceed the requirements of federal law.

6

The Defendants in this case have failed to meet their burden of showing that federal jurisdiction is proper. Given the preference for remand where federal jurisdiction is uncertain, deference must be given to Plaintiff's right to control the complaint. Accordingly, pursuant to 28 U.S.C. § 1447(c), this case is remanded to the Circuit Court of Jefferson County, Alabama. A separate order will be entered contemporaneously with this opinion.

DONE and ORDERED this 28th day of November 2006.

/s/ Karon O. Bowdre
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE